PONDER, Judge.
The plaintiff and four third party plaintiffs appealed the dismissal of claims against Bituminous Casualty Corporation on a motion for summary judgment.
The issue is the propriety of the summary judgment. To decide that we have to determine if there exist genuine issues of material fact especially in regard to whether the installation of a garage door was a completed operation of the assured of Bituminous.
We reverse and remand.
Glenn J. Broussard is the owner of a home built by W. J. M. Construction, Inc. Roy Bell, Roy Bell d/b/a Overhead Doors by Windsor or Bell General Construction Corporation, all insured by Bituminous, had installed an overhead garage door. After Broussard moved into his home he encountered some difficulty with the door. He and plaintiff were attempting to repair the door when the accident occurred.
After a number of pleadings, amended petitions, and third party demands had been filed, Bituminous, which was a defendant and third party defendant along with its insured Bell, filed a motion for summary judgment on the basis that it did not insure Bell on completed operations and that the installation was a completed operation.
It depends upon the following provisions of the policy:
“It is agreed that such insurance as is afforded by the Bodily Injury Liability Coverage and the Property Damage Liability Coverage does not apply to bodily injury or property damage included within the Competed Operations Hazard or the Products Hazard.”
* ’ * * * * *
“... Operations shall be deemed completed at the earliest of the following times:
(1) when all operations to be performed by or on behalf of the named insured under the contract have been completed,
(2) when all operations to be performed by or on behalf of the named insured at *1130 the site of the operations have been completed, or
(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.
“Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.”
The door was evidently designed to work manually by pulling a chain that disengaged a worm gear allowing the door to be raised or lowered without mechanical assistance, by pushing an electrical switch to activate a motor to raise or lower the door and electronically by means of a transmitter that caused the electric motor to operate in much the same manner as though the electric switch had been turned on. Admittedly, during the installation some defects were encountered that prevented the door’s activation by electrical or electronic means. The defect was not repaired or replaced and the transmitters were not supplied until after the accident occurred. It is disputed as to whether the door could be operated manually, Bituminous insisting that such operation was possible based on testimony that the door had been seen in an open position. Those who testified by deposition were not present at the time of installation. The testimony of the installers was not taken.
Plaintiff was injured while he was attempting to aid Broussard in repairing or releasing the door so that it could be closed.
Under the circumstances, we believe that Bituminous has not borne its burden of proving that there is no genuine issue of material fact and that the trial court committed error in so holding.
For these reasons the judgment is reversed and the case is remanded for further proceedings not inconsistent with these reasons. Bituminous is cast with the cost of this appeal. All other costs are to await the outcome of the case.
REVERSED AND REMANDED.